DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH

*(Continued from Volume 46)*

## SALT LAKE CITY v. LARSEN.

No. 2541. Decided August 6, 1915 (151 Pac. 353).

MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE—COMPLAINT —AMENDMENT ON APPEAL. Under Comp. Laws 1907, Sec. 5166, and Sec. 5167, as amended by Laws 1911, c. 52, providing that if defendant objects to the complaint in city court on the ground that the facts stated do not constitute a public offense the complaint on appeal to the district court may be amended; a complaint on appeal to the district court from the city court may be amended in a matter of substance.

Appeal from District Court, Third District; *Hon. F. C. Loorbourow*, Judge.

A. C. Larsen was convicted in the city court for violating a municipal ordinance, and appealed to the District Court, where he was again convicted. He appeals.

AFFIRMED.

*George W. Moyer* (deceased), for appellant.

*H. J. Dininny, City Attorney*, and *Aaron Myers* and *W. H. Folland*, Assistant City Attorneys, for respondent.

STRAUP, C. J.

The plaintiff, in the city court, filed a complaint against the defendant which, so far as material, is: That the defend-

Vol. 47—1

at "on the 3d day of November, 1912, at Salt Lake City, in the County of Salt Lake and state aforesaid, unlawfully did commit the misdemeanor of violating a city ordinance as follows, to wit, that the said defendant unlawfully and willfully did then and there keep, maintain, and permit to be kept and maintained upon and in property occupied and leased to the above-named defendant, that certain building known as the St. Cecile, at about 229 South State, in said city, resorted to and used in part by one or more females for the purpose of lewdness and prostitution, contrary," etc. Upon the complaint the defendant was tried and convicted in the city court. He appealed to the District Court. There he demurred to the complaint on the grounds: (1) For want of facts to constitute a public offense; (2) that the names of the females alleged to have resorted to the house are not stated and that the complaint otherwise is indefinite; (3) that the ordinance is invalid. The court sustained the demurrer on the first ground and overruled it as to the others. Thereupon the city, over the defendant's objections, was permitted to amend the complaint and alleged that the defendant on the 3d day of November, 1912, "and on the 6th day of July, 1912, and at other and divers times between said 6th day of July, 1912, and said 3d day of November, 1912," unlawfully did commit, etc. A similar demurrer was interposed to the amended complaint. A motion was also made to strike the amended complaint. Both were overruled. Upon the amended complaint the defendant was tried and convicted in the District Court. From that judgment he has prosecuted this appeal.

It is contended the court was without power to permit an amendment as to substance: and since, as is urged, the complaint in the city court stated no cause of action, it could not, in such particular, be amended in the District Court. The court permitted the amendment under Comp. Lows 1907, section 5166 and section 5167, as amended by chapter 52, Laws 1911. They provide that on an appeal to the District Court the complaint may be amended not only as to form, but also as to substance.

We thing no error was committed in allowing the amendment. This is the only question presented and argued.

The judgment is affirmed.

FRICK and McCARTY, JJ., concur.