## SALT LAKE CITY v. LEE.

No. 2865.  Decided November 22, 1916.  Rehearing denied December 30, 1916 (161 Pac. 926).

MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCE—JUDGMENTS' APPEALABLE—"CRIMINAL PROSECUTION"—"AMOUNT INVOLVED." Under Laws 1909, c. 87, providing for appeals from the city court to the district court but that the judgment of the district court shall be final unless the amount involved exceeds $100 or a constitutional question is involved, one convicted in city court of violating an ordinance, and again convicted in the district court, has no appeal, the prosecution being criminal, and, though the penalty may be a fine, it is not an "amount involved."

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Henry Lee was convicted in the City Court of violating an ordinance. On appeal to the District Court and on a trial *de novo,* he was again convicted. He appeals from the latter decision.

APPEAL DISMISSED.

*S. P. Armstrong* for appellant.

*H. J. Dinninny, Aaron Myers,* and *W. H. Folland* for respondent.

STRAUP, C. J.

The defendant, in the city court, was convicted of selling adulterated milk in violation of an ordinance. He appealed to the district court. There, on a trial *de novo*, he again was found guilty and adjudged to pay a fine of $50. From that judgment he has appealed to this court.

A motion is made to dismiss the appeal on the ground that the judgment is nonappealable. The statute (Laws Utah 1909, c. 87), bearing on the question, reads:

"From all final judgments of a city court a motion for a new trial may be made, and an appeal may be taken by either party in a civil case, or by the defendant in a criminal case, to the district court of the county, in the manner and with like effect as is now or may be provided by law for appeals from justices' courts in similar cases, and from all final judgments in the district courts, rendered upon such appeals, an appeal may be taken to the Supreme Court in like manner as if said actions were originally commenced in the district court; provided, however, when the amount in controversy does not exceed one hundred dollars, exclusive of costs, that the same shall be final, and no appeal shall lie therefrom; and, provided further, that in all cases involving the validity or constitutionality of a statute or ordinance there shall be a right of appeal to the Supreme Court. * * *"

While somewhat ambiguously expressed, yet we think the statute fairly means that in all cases, both criminal and civil, an appeal lies from the city court to the district court; and from all final judgments in the district court rendered upon such appeals an appeal lies to the Supreme Court, provided, however, the amount in controversy exceeds $100 or the case involves the validity or constitutionality of a statute or an ordinance. The proviso that when the amount in controversy does not exceed $100 the judgment shall be final and

nonappealable is a restriction and a limitation upon the language preceding it, and imposes a condition precedent to the right of an appeal to the Supreme Court. That is, the judgment rendered in the district court is final and nonappealable unless the amount in controversy exceeds $100 or the case involves the validity or constitutionality of a statute or an ordinance. It is hard to make anything else out of it. The words "amount in controversy," as used in the statute, can apply only to civil actions and not to criminal. A prosecution for a violation of an ordinance is criminal. We have uniformly held that. The penalty, whether by fine or imprisonment, or both, which may be imposed can in no sense be regarded as the amount in controversy, for in a criminal prosecution the matter in dispute or in controversy is the guilt or innocence of the accused, and not the penalty which may be imposed upon a conviction. Thus does it follow that a judgment in a criminal case rendered in the district court upon appeal from the city court is final and nonappealable unless the validity or constitutionality of a statute or an ordinance is involved; and, as no such question is presented, let the appeal be dismissed. Though the case is criminal, yet in view of the prior holdings of this court (*Salt Lake City* v. *Robinson*, 39 Utah 274, 116 Pac. 442, 35 L. R. A. [N. S.] 610, Ann. Cas. 1913E, 61; *Salt Lake City* v. *Robinson*, 40 Utah 448, 125 Pac. 657, and *Salt Lake City* v. *Doran*, 42 Utah 401, 131 Pac. 636), let the respondent's costs on the appeal be taxed against the appellant, and it be given judgment therefor. Such is the order.

McCARTY, J., concurs.

FRICK, J. (concurring).

I think a fair and reasonable construction of the statute is that in civil actions the right to an appeal is given in all cases where the amount in controversy exceeds $100. If the amount is less, however, then no appeal is permitted unless the validity of the statute or ordinance upon which the action is based is assailed. Further, that in criminal actions the amount in controversy has no application. Therefore, an

appeal is permitted only in those cases where the validity of the statute or ordinance upon which the transaction is based is assailed.

In this case, as pointed out by the Chief Justice, no such a question is presented, and therefore this court is without jurisdiction to hear the appeal.