## STATE v. ROBERTS

No. 2451.   Decided May 27, 1920.   (190 Pac. 351.)

1. CRIMINAL LAW—NO APPEAL FROM CONVICTION IN DISTRICT COURT ON APPEAL FROM CITY COURT, WHERE CONSTITUTIONALITY OR VALIDITY OF STATUTE IS NOT INVOLVED. District Court's judgment of conviction for violation of the Prohibition Act on an appeal from conviction in the city court under Comp. Laws 1917, section 1717, re-enacted in Laws 1919, chapter 34, is not appealable to Supreme Court unless the constitutionality or validity of a statute is involved; the district court's judgment being final in such case.[1]

2. STATUTES—LEGISLATURE HAVING RE-ENACTED STATUTE WILL BE PRESUMED TO HAVE BEEN SATISFIED WITH COURT CONSTRUCTION PRIOR TO RE-ENACTMENT. The Supreme Court must assume that the Legislature in re-enacting a statute was satisfied with the construction the Supreme Court placed on the statute prior to its re-enactment.

Appeal from District Court, Second District, Weber County; *A. W. Agee*, Judge.

James H. Roberts was convicted of unlawfully having in his possession intoxicating liquors, and he appeals.

APPEAL DISMISSED.

*A. G. Horn*, of Ogden, for appellant.

*Dan B. Shields*, Atty. Gen., and *O. C. Dalby, James H. Wolfe, H. Van Dain, Jr.*, and *D. M. Draper*, Asst. Attys. Gen., for the State.

---

[1] *Salt Lake City* v. *Lee*, 49 Utah 197, 161 Pac. 926; *State* v. *Falsetta*, (no opinion).

FRICK, J.

The defendant was charged in the city court of Ogden City with having in his possession intoxicating liquors contrary to the provisions of the Prohibition Act of this state (Comp. Laws 1917, Section 3343), and was convicted. He appealed to the district court of Weber county, and was in that court again convicted. He now appeals to this court from the latter conviction, and assigns numerous errors relating to the admission of evidence against him, to the exclusion of certain evidence proffered on his behalf, to some of the instructions given by the court, to the refusal to instruct as requested, and that the district court erred in taxing costs against him.

The state has interposed a motion to dismiss the appeal upon the ground that this court is without jurisdiction for the reason that under the statutes of this state the judgment of the district court on an appeal from the city court is final, unless the constitutionality or validity of some statute which is material to the conviction is drawn in question. There being no assignment which assails the constitutionality or validity of any statute, the state insists that the judgment of the district court is final, and hence that this appeal cannot be sustained. The motion is based upon the decision of this court in the case of *Salt Lake City* v. *Lee,* 49 Utah 197, 161 Pac. 926, and the case of *State* v. *Falsetta,* in which case the appeal was dismissed upon the ground stated in the motion in this case. In the Falsetta Case, no written opinion was filed. We are of the opinion that the motion to dismiss the appeal should prevail.

The case of *Salt Lake City* v. *Lee,* supra, was a prosecution for the violation of a city ordinance of Salt Lake City. The action was commenced in the city court, where the defendant was convicted. He appealed to the district court of Salt Lake county, where he was again convicted, and from which conviction he appealed to this court. The appeal in that case was based upon the identical statute upon which the appeal is based in the case at bar, and on which the appeal in

the *Falsetta Case* was based.   See Comp. Laws Utah 1917, Section 1717.   The section referred to is set forth at length in the case of *Salt Lake City* v. *Lee*, supra, and need not be repeated here.   After that decision was handed down the Legislature re-enacted the section in the precise language as it was when it was construed in the *Lee Case*.   Laws Utah 1919, chapter 34, page 57.   The act relating to city courts of this state was amended by chapter 34, supra, and one of the principal changes made in said amendment, was to make the section to which we have referred, giving the right of appeal from city courts of cities of the first class, and which was construed in the *Lee Case*, applicable to all the city courts of this state, whether of the first or second class, whereas, before that time, that section had applied only to the courts of cities of the first class, which included Salt Lake City.   By re-enacting said section we must assume that the Legislature was satisfied with the construction this court placed upon the statute in the *Lee Case* and therefore adopted the same and made it applicable to all the city courts of this state.   It is needless therefore, to enlarge upon the reasons why this appeal cannot be sustained.

Counsel for the appellant, at the hearing, however, suggested that in view that the district court had taxed the costs against the appellant without an express statute authorizing that to be done, for that reason the appeal should be considered by this court.   If it were conceded that the district court had erred in that regard it would, however, constitute an error of law merely, and not one which involved the constitutionality or validity of any statute.   An error of judgment in that respect, if it were such, would, in the eye of the law, be no different from any other error of judgment respecting any other question of law or fact, and hence that assignment is not reviewable by this court.

For the reasons stated, the appeal should be, and it accordingly is, dismissed.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.