## STATE v. BROWN.

No. 4665. Decided March 23, 1928. (282 P. 785.)

*S. P. Armstrong,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

THURMAN, C. J.

This action was commenced in the city court of Salt Lake City. The complaint charged the defendant with operating a motor vehicle, to wit, an automobile, on State street, Salt Lake City, a public highway, in a manner that was not careful and prudent, and at a rate of speed of 30 miles an hour, contrary to the provisions of section 3992, chapter 82, Session Laws of Utah 1921. The defendant was found guilty, judgment entered, and an appeal taken to the district court of Salt Lake county. In the district court the case was tried to a jury; defendant was again convicted and sentenced by the court to pay a fine of $100. Defendant appeals, and assigns numerous alleged errors upon which he relies for a reversal of the judgment.

The offense charged in the complaint subjects the offender to the payment of a fine not exceeding $100, or imprisonment in the county jail not exceeding three months, or both such fine and imprisonment. The question is presented as to whether or not this court has jurisdiction of the case. Compiled Laws Utah 1917, § 1717, as amended in Session Laws 1919, p. 63, provides that judgments of a district court in cases appealed from a city court are final, unless the amount in controversy exceeds the sum of $100, exclusive of costs, in which event an appeal may be taken to the Supreme Court. It is contended by the appellant that the amount in controversy here is the amount of the penalty the trial court could have imposed under the law, to wit, $100 fine and three months' imprisonment; that therefore the amount in controversy exceeds the sum of $100. This court has heretofore held that "the amount in controversy" as used in section 1717, supra, applies to civil cases only. *Salt Lake City* v. *Lee,* 49 Utah 197, 161 P. 926. That case is identical with the case at bar, except that that case was for the violation of a city ordinance, while here it is for the violation of a statute, but the question involved is the same. The evident intention of the

Legislature was that the jurisdiction of city courts in criminal cases arising under the statute should be exactly the same as that of justices of the peace, and that the right of appeal therefrom should be the same. Chapter 34, Laws 1919, amending § 1713, reads:

"The city court shall have exclusive original jurisdiction of all cases arising under, or by reason of the violation of any of the ordinances of the city in which such court is held, and shall have the same powers and jurisdiction in all other criminal actions, as are or may be prescribed for justices of the peace; and the judge of said city court shall likewise have and exercise the powers and jurisdiction of a magistrate; the rules of practice and mode of procedure in all such cases including new trials and appeals, shall be the same as are or may be prescribed by law for justices' courts in like cases."

Appellant's interpretation of section 1717, supra, would authorize an appeal to this court in criminal cases arising in the city court in nearly all cases of misdemeanor. In most misdemeanor cases the trial court has jurisdiction to impose a fine of $300 and imprisonment for six months. According to appellant's contention, this court would have jurisdiction on appeal in such cases, however trifling or insignificant the amount of the fine or imprisonment, because the amount in controversy would be $300 fine and six months imprisonment. Such an interpretation could not have been intended by the Legislature. The jurisdiction of this court on appeal from cases arising in a justice's court is limited by the state Constitution, which provides that no appeal shall lie from judgments of the district court, "except in cases involving the validity or constitutionality of a statute." State Constitution, art. 8, § 9. In criminal cases arising in a city court the rule is the same, except that an appeal is allowed to this court where the validity or constitutionality of a statute *or ordinance* is involved. Section 1717 supra. In civil cases arising in a city court the jurisdiction of this court on appeal is further extended to cases where the "amount in controversy" exceeds the sum of $100. Such in our opinion is what was

intended by the Legislature in the section to which we have referred.  We are of opinion the rule announced in *Salt Lake City* v. *Lee* was a correct interpretation of the statute, and the decision in that case is conclusive of the question presented here.  But appellant in a second reply brief calls our attention to several other decisions of this court, and invokes the rule of stare decisis.  The cases referred to are *Salt Lake City* v. *Robinson*, 39 Utah 274, 116 P. 442, 35 L. R. A. (N. S.) 610, Ann. Cas. 1913E, 61; *Salt Lake City* v. *Robinson*, 40 Utah 448, 125 P. 657; and *Salt Lake City* v. *Larsen*, 47 Utah 1, 151 P. 353.  It appears that this court assumed jurisdiction of these cases and decided them upon their merits.  The case of *Salt Lake City* v. *Lee*, supra, was subsequent to all of these decisions, and is the latest expression of this court.  The question of jurisdiction was not raised in any of the cases referred to by appellant.  We assume that, if the question had been raised, it must have been decided as it was decided later in *Salt Lake City* v. *Lee*. That appears to have been the first case in which the question was presented to the court.  In these circumstances the rule of stare decisis has no application.  So that, as far as this question is concerned, we are of opinion the court is without jurisdiction to entertain the appeal.

But appellant also contends that the statute, section 3992 for the violation of which this section was prosecuted, is invalid, in that it violates article 6, § 23, of the State Constitution, which provides:

"No bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

The title of the act containing section 3992 reads as follows:

"An Act to amend Section 3973, of the Compiled Laws of Utah, as amended by Chapter 78, Session Laws of Utah, 1919, and enacting new sections 3992, 3993, 3994, 3995 and 3996, fixing the annual license fees, rate of speed, maximum wheel load, limiting width, and prescribing regulations for traffic on state roads and bridges therefor."

It appears on the face of the title that section 3992 is an original act and not amendatory of a law previously enacted. As the title clearly expresses the subject of the act, to wit, "fixing the rate of speed," there is no merit in appellant's contention.

For the reasons stated, this court is without jurisdiction, and the appeal is dismissed.

CHERRY, STRAUP, GIDEON, and HANSEN, JJ., concur.