## LOGAN CITY v. BLOTTER.

No. 4789.   Decided December 20, 1929.   (284 P. 333.)
Rehearing Denied January 29, 1930.

*E. S. Chambers,* of Logan, for appellant.

*Leon Fonnesbeck,* of Logan, for respondent.

EPHRAIM HANSON, J.

The defendant, in the city court of Logan City, Utah, was convicted of unlawfully having in his possession certain intoxicating liquor in violation of a city ordinance.  From the judgment entered against him, he appealed to the district

court of Cache county, Utah. There again the defendant was found guilty by a jury and was sentenced by the last-named court to be imprisoned in the city jail at Logan for a term of 5½ months, the sentence providing that, upon the defendant's serving 90 days, the remaining portion of the term is to be suspended. From the judgment of the district court the defendant has appealed to this court.

The assignments relate solely to alleged errors committed by the district court in impaneling the jury and to the admission and the sufficiency of evidence. There is no question involving the validity or constitutionality of a statute or ordinance presented by the appeal. It must ■ follow, therefore, that under the state Constitution (article 8, § 9), and Comp. Laws Utah 1917, § 1717, as amended by Laws Utah 1919, c. 34, the judgment of the district court in this case is final and nonappealable. This court has held that "a judgment in a criminal case, rendered in the district court upon appeal from the city court, is final and nonappealable, unless the validity or constitutionality of a statute or an ordinance is involved." *Salt Lake City* v. *Lee*, 49 Utah 197, 161 P. 926. In the case of *State* v. *Brown*, 282 P. 785, 786, this court said:

"The jurisdiction of this court on appeal from cases arising in a justice's court is limited by the state Constitution, which provides that no appeal shall lie from judgments of the district court, 'except in cases involving the validity or constitutionality of a statute.' State Constitution, art. 8, § 9. In criminal cases arising in a city court the rule is the same, except that an appeal is allowed to this court where the validity or constitutionality of a statute *or ordinance* is involved. Section 1717 supra. * * * We are of opinion the rule announced in *Salt Lake City* v. *Lee* was a correct interpretation of the statute, and the decision in that case is conclusive of the question presented here."

The right of defendant to appeal to this court from the judgment entered by the district court in the instant case, the case having originated in the city court of ■ Logan City has not been challenged by motion to dis-

miss the appeal or otherwise. However, the question of the court's jurisdiction to hear and determine an appeal is one that will be raised by the court on its own motion.

Upon the authority of *Salt Lake City* v. *Lee* and *State* v. *Brown,* supra, and for the reasons therein stated, the appeal in the instant case should be, and it hereby is, dismissed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN and FOLLAND, JJ., concur.