STATE v. LYTE.

No. 4890.   Decided January 10, 1930.   (284 P. 1006.)

*McCullough & Callister*, of Salt Lake City, for appellant.

*George P. Parker,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

STRAUP, J.

This is a criminal action. It was commenced in the city court of Salt Lake City by the filing of a complaint wherein Lyte was charged with the possession of intoxicating liquor "on the 9th day of November, 1928, at the County of Salt Lake, State of Utah," in violation of a statute of the state. On a trial in the city court he was convicted and appealed to the district court. There the case was tried de novo before a jury and the defendant again convicted. From the judgment rendered and entered in the district court, he, on a bill of exceptions and a transcript of all the proceedings had in the district court, prosecutes an appeal to this court.

At the threshhold he is met with a motion to dismiss the appeal on the ground that the judgment in the district court was final and nonappealable. The motion is resisted on the stated ground that by the record it is shown that at the trial guaranteed constitutional rights of the defendant were invaded and disregarded, and hence to deny him a review of such proceedings by appeal is to deny him constitutional as well as all remedial rights.

The proceedings complained of are rulings of the district court whereby the state, over the objections of the defendant, was permitted to give evidence with respect to claimed offenses similar to that charged, one prior to the charged offense and one subsequent thereto, of both of which the defendant, on trials thereof prior to the trial of the offense charged in this case, was acquitted before a court of competent jurisdiction. It thus is contended that by such rulings the defendant, without notice, was again put on trial of such other offenses; and in addition that his constitutional right not to be twice put in jeopardy for the same offense was denied and invaded.

The record shows that over the objections of the defendant the state was permitted to give evidence respecting such

other claimed offenses and of which he was acquitted, as fully and to the same extent as would have been permissible had the defendant been on trial of such offenses. Though it be assumed that such rulings were erroneous and unwarranted, and as prejudicially affecting substantial rights of the defendant, yet the question is: What power or authority have we, under the Constitution or the statute, to review them and grant relief?

To support the contention of the defendant that we have such power, section 12 of article 1 of the state Constitution is pointed to, that "in criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him, * * * and the right to appeal in all cases * * * nor shall any person be twice put in jeopardy for the same offense," and the point made that the statute, section 1668, Comp. Laws Utah 1917, and section 1717 as amended by Sess. Laws Utah 1919, c. 34, p. 63, providing that on appeals taken from a justice court or from a city court to the district court the decision of the district court "shall be final, and no appeal shall lie therefrom," unless the validity or constitutionality of a statute or an ordinance is involved, is unconstitutional; and that the Legislature is without power to prohibit or impair remedies for wrongs in violation of constitutional rights. He further asserts that in the absence of any legislative remedy for such wrongs, courts will resort to the common law, if it affords a remedy, and, if not, then the court, in virtue of its inherent power and of its duty in criminal cases to guard the rights of persons, will devise a remedy to meet new conditions and to supply a remedy for such wrongs, in support of which *State* v. *Morgan,* 23 Utah 212, 64 P. 356, is cited. However, there is another provision of the state Constitution (article 8, § 9) which relates to appeals, and by which, among other things, it is provided that "appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law;

and the decision of the District Courts * * * shall be final, except in cases involving the validity or constitutionality of a statute."

When all of the provisions of the Constitution on the subject are considered, the contention that the statute in the particular claimed is unconstitutional is not well founded, for the finality declared by the statute as to a judgment of a district court in a criminal case appealed to it from a justice or city court is also, in effect, declared by the Constitution, unless the validity or constitutionality of a statute is involved. The restrictive provision of the statute as to an appeal in such case to this court thus is not an abridgment nor in contravention of, but is within constitutional provisions. And because of such constitutional statutory provisions this court several times has held that judgment of the district court in criminal cases on appeals to it from a justice or city court are final and nonappealable. *Salt Lake City* v. *Lee,* 49 Utah 197, 161 P. 926; *State* v. *Brown* (Utah) 282 P. 785; *Logan City* v. *Blotter* (Utah) 284 P. 333.

The appellant does not claim that the appeal involves any question as to the validity of any statute or ordinance. He, however, does claim that the rulings of the district court involve constitutional rights and a deprivation of them, in that he in effect was put on trial for the commission of offenses with which he was not charged, and ·with respect to which he was twice put in jeopardy in violation of rights guaranteed him by the Constitution; and, further, though it be held that in such case no remedy by appeal is prescribed, yet this court, in the exercise of its inherent power, is authorized to redress such wrongs and to grant relief.

No contention is made that the complaint does not state a public offense, or does not sufficiently describe the offense sought to be charged, or that the defendant in such particular was not sufficiently apprised of the nature and cause of the accusation against him. If therefore the rulings complained of do not involve jeopardy, there

is no necessity to here consider our power, in such a case as now before us—where the judgment of the district court is final and nonappealable—to grant relief when constitutional rights in such particular are invaded. The constitutional provision that a person shall not be twice put in jeopardy for the same offense forbids a second trial or conviction of the same offense. By the complaint the accused was put on trial for the specific offense alleged to have been committed by him on November 9, 1928. Such offense, admittedly, was not the same offense as either of the other claimed offenses and of which the defendant was acquitted. By the complaint he was not charged with such other offenses, nor were they included within the charged offense. The three offenses were, by all parties concerned, regarded as separate and distinct transactions and offenses. Hence, by the complaint, the accused was not put on trial for either of the offenses of which he was acquitted; nor, under the complaint could he have been, nor was he, convicted of either of such other offenses. He was convicted only of the offense charged in the complaint. The three offenses thus being separate and distinct transactions, a plea of once in jeopardy, had it been interposed to the charged offense, would have been groundless.

The rulings thus involve the question, not of jeopardy, but of permitting the state to give evidence of offenses separate and distinct from, and not included within, the charged offense, and of which the defendant had been acquitted. The evidence complained of was not admitted as claimed by the state to show the accused guilty of such other offenses. That, at the time, was disclaimed by the court and by the district attorney. The evidence was admitted on the statement of the district attorney, more adroit than sound, to show the character of the premises on which the liquor charged in this action was claimed to be possessed by the defendant and to show the probability of his possession of it. The court in effect so instructed the jury as to the purpose for which such evidence was admitted and to be

considered which, under familiar and well-recognized rules of evidence, especially since the accused had theretofore been acquitted of such other offenses, may be assumed to be an erroneous and groundless claim or purpose for which the evidence was admissible. The general rule, of course, is that evidence of claimed similar offenses separate and distinct from the offense charged is inadmissible. There are exceptions to such general rule. We need not note them here, to show whether the rulings are within or without them, for, though it be assumed the evidence was improperly received, yet, in such a case as this, where the judgment of the district court both by statute and by the Constitution is declared to be final and nonappealable, we are powerless to review such rulings and grant relief. To do so on the theory of inherent power which is asserted to be possessed by us is to disregard both the Constitution and the statute. The case is not one where the validity or constitutionality of a statute or ordinance, or the jurisdiction of the court, or the regularity of its proceedings is involved. It is one of mere error, grievous and prejudicial as it may be, in the admission of the evidence complained of, but with respect to which, in a case such as this, appealed to the district court from a justice or city court, the Constitution and the statute both have made the district court the court of last resort. In all criminal cases an undoubted duty and responsibility rests on the court and the prosecuting attorney to see that all rights and privileges of the accused are safeguarded and protected, and that convictions are permitted only on competent and material evidence; and in a case where the judgment of the district court is final and not subject to review, such duty and responsibility is graver and more vigilant than in a case where the judgment is appealable or subject to review. However, since the rulings do not involve questions on which an appeal may be taken, nor jurisdiction of the court, nor regularity of its proceedings, but mere questions as to the admissibility of particular evidence with respect to which the Constitution and the statute made the

district court the court of last resort, it follows that the appeal must be dismissed. Such is the order.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.