BOUNTIFUL CITY v. GRANATO et al.

No. 4943.   Decided October 10, 1930.   (292 P. 205.)

*O. W. Moyle* and *H. W. Rudine,* both of Salt Lake City, for appellants.

*Irvine, Skeen & Thurman,* of Salt Lake City, for respondent.

STRAUP, J.

This is a criminal action, No. 4943, brought by Bountiful City against the defendants for an alleged violation of an ordinance of the city referred to in the civil action between the same parties just considered and decided, *Bountiful City* v. *Frank De Luca and Sam Granato et al.,* 292 P. 194. It originated in the justice's court and resulted in a conviction. On appeal to the district court where the case was tried to the court without a jury, the trial again resulted in a judgment of conviction from which the defendants have prosecuted this appeal. In the district court a stipulation was entered into as to certain agreed facts. Additional facts, not inconsistent with the stipulation, were offered to be proved by the defendants, but on objections on behalf of the city that the proffered evidence was immaterial, the evidence was excluded.

The only act in violation of the ordinance charged in the complaint was that the defendants "did wilfully and unlawfully permit goats to water directly from the stream known as Stone Creek in Davis County, Utah, at a point of said stream less than ten miles above the point from which the water thereof is taken by said city into its water works

system," the waters of which were used for culinary and domestic purposes for the inhabitants of the city. The complaint was demurred to on grounds that it did not state sufficient facts to constitute a public offense, and that the ordinance violated federal and state constitutional provisions referred to in the civil action.

The stipulation entered into was with respect to the existence and terms of the ordinance, the location of Stone creek, that the city used waters therefrom for culinary and domestic purposes, the location of the city's intake and of the defendants' lands, that at the time charged in the complaint the defendants, while driving their goats from the place they were grazing on the north side of the creek in a southerly direction and across Stone creek, permitted the goats to drink directly from the creek within one hundred feet above the city's intake from which waters of the creek were taken by the city by means of a pipe line and carried to its waterworks system. No other evidence was given on behalf of the city. The evidence offered by the defendants and rejected related to the character of the defendants' lands, that it was suitable only for grazing purposes, that the grazing of lands by sheep or goats did not cause as much pollution of the waters as grazing by cattle, horses, or hogs, that the goats while grazing were always in charge of a herder and at night were confined in a corral a long distance from the creek, and the business in which the defendants were engaged and the improvements made on their lands.

The overruling of the demurrer, the sufficiency of the evidence to support the conviction, the overruling of the proferred evidence, and the validity or constitutionality of the ordinance, are all presented and argued. It is the established rule in this jurisdiction that on appeals in a criminal case from a justice of the peace or of a city court to a district court, the judgment of the district court is final and unappealable, unless the validity or constitutionality of a statute or of an ordinance is involved. *State* v. *Lyte* (Utah), 284 P. 1006. Thus not any of the as-

signed errors relating to the rulings of the court below may on this appeal be reviewed by us, except the ruling as to the validity or constitutionality of the ordinance.

We have just held in the civil action that the ordinance enacted in pursuance of the statute therein referred to and relating to the protection of natural streams or sources of supply from which waters are taken for culinary and domestic purposes and preventing a pollution or contamination of such waters, when properly applied and enforced, was not an unreasonable regulation under the police power, and hence was not, on the face of it, invalid or unconstitutional. While it was alleged that the goats by the defendants were permitted above the city's intake to drink directly from the waters which were used for culinary and domestic purposes, the circumstances and conditions under which that was permitted are not alleged, except done wilfully and unlawfully, nor were any of such circumstances stipulated other than the defendants in driving goats from the north side of the creek and across it permitted them to drink directly out of it above the intake, nor were any of such circumstances or conditions offered to be proven. There thus is not anything made to appear that the enforcement of the ordinance or the judgment finding the defendants guilty in the alleged particular, constituted or amounted to a taking or deprivation of property in violation of any constitutional provision, as was the case in the civil action, or the deprivation or denial of any vested right of the defendants in or to the use of any of the waters of the creek, or of other property, or of a reasonable or necessary use of property, nor was it made to appear or offered to be proved that in the exercise of reasonable care the goats' drinking out of the creek could not have been prevented or avoided. To the contrary, as alleged and as in effect stipulated, the defendants wilfully and intentionally drove the goats in and across the creek and intentionally permitted them to drink directly out of it. We think the case comes within the ruling of *Salt Lake City* v. *Young*, 45 Utah 349,

145 P. 1047, Ann. Cas. 1917D, 1085, referred to and considered in the civil action.

We therefore are of the opinion that the judgment of the court below should be, and it accordingly is, affirmed.

CHERRY, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.