## STATE v. HOFFMAN et al.

No. 5753.  Decided February 3, 1937.  (64 P. [2d] 615.)

*Karl V. King*, of Salt Lake City, for appellants.

*Joseph Chez*, Atty. Gen., and *Zelph S. Calder*, Asst. Atty. Gen., for the State.

FOLLAND, Chief Justice.

Defendants were charged with the crime of "keeping for sale alcoholic beverages in violation of section 114, chapter 43, Laws of Utah 1935." On trial in the city court of Salt Lake City they were found guilty, whereupon they prosecuted an appeal to the district court of Salt Lake county where they were again found guilty and sentenced to imprisonment in the county jail of Salt Lake county for a period of fifty days. From this judgment of conviction, defendants appeal to this court and urge two grounds for a reversal of the judgment: (1) That the law under which they were convicted is unconstitutional and void; and (2) insufficiency of the evidence to warrant a conviction, particularly of the defendant Gus Weisser.

The second ground will be disregarded because it does not involve a question on which an appeal to this court may be taken, the judgment of the district court on appeal from a city court being final and nonappealable except in cases involving the validity or constitutionality of a statute or ordinance. *State* v. *Lyte*, 75 Utah 283, 284 P. 1006.

Appellants attack as unconstitutional numerous provisions in chapter 43, Laws of Utah 1935, and because of the alleged unconstitutionality of such provisions, it is claimed the whole act is void, including the sections under which defendants were charged, convicted, and sentenced. No

specific invalidity is claimed for the particular sections under which defendants were prosecuted. Chapter 43, Laws of Utah 1935, is the comprehensive Liquor Control Act, providing for a system of state control of the manufacture, purchase, sale, importation, exportation, transportation, and use of alcohol and alcoholic beverages; creating a liquor control commission and providing penalties for violation of any of the provisions of the act. Appellants urge that the claimed invalid portions of the chapter are "of such a nature that it would be unreasonable to believe that the legislature could have intended the valid portions to remain had they known of the invalid portions, and when this situation arises, then the saving clause cannot be utilized to hold portions of a statute constitutional which would be clearly contrary to the tests laid down by the courts and clearly contrary to the intent of the legislature in passing the statute in question." The so-called "saving clause" is as follows (section 207) :

"If any word, clause, sentence, paragraph, or section of this act shall be declared invalid by any court of competent jurisdiction, the remainder of the act shall not be affected."

The difficulty with appellants' position is that this court, in *Riggins* v. *District Court of Salt Lake County*, 89 Utah 183, 51 P. (2d) 645, decided practically every question herein raised and held contrary to the contentions made by these appellants. The only difference in the cases is that this case is a prosecution for a violation of section 114 of the act, which makes it unlawful for any one, except as provided in the act, to keep for sale, or to sell, or offer to sell, any alcohol or alcoholic beverages within the state. The Riggins Case was one wherein certain persons, plaintiffs therein, sought by writ of prohibition to prevent the district courts from proceeding against the plaintiffs therein in cases pending in such courts wherein the liquor control commission sued out writs of injunction to restrain such persons from selling, keeping, and giving away alcoholic beverages

on the premises occupied by them. In the Riggins Case it was held that failure of the statute to comply with the constitutional requirement that the subject-matter of the statute be clearly expressed in its title does not render the statute unconstitutional as to subject-matters which are clearly expressed in the title where the act would be complete and capable of being enforced with such provisions eliminated. The provisions of the act declaring places where alcoholic beverages were illegally sold to be common nuisances and providing for their abatement were held sufficiently expressed in the title of the act which provided for a system of state control of the sale of alcoholic beverages, since such provisions were calculated to make effective control of the sale of such beverages. With equal force it must be said that the provision making unlawful the sale or keeping for sale of alcoholic beverages, except as provided in the act, is well within the purposes expressed in the title of the act. It was further held that by the "saving clause" the Legislature intended the act to be enforced as far as it may be even though it might not be valid in its entirety.

Many other reasons which were urged against the validity of the act in the Riggins Case are also urged in this case. Among others, that the provision in the act authorizing the Governor to fix the salaries of the liquor control commissioners is an unlawful delegation of power, as is also the delegation of the vast powers to the commission with respect to the handling of its funds and the disposition thereof by the commissioners and by the Governor of the state. In the Riggins Case this court held that plaintiffs could not be heard to complain of such infirmities in the act, if they were infirmities, as the act would be complete and enforceable without such provisions. The same reason is applicable to other alleged infirmities. The sections under which defendants are charged, convicted, and sentenced are in no manner affected by any of the alleged defects in the law unless the whole act is invalid because of

some parts thereof being unconstitutional. We have already held against such doctrine.

It is contended that sections 149 and 159, providing penalties for violation of some of the provisions of the act, are in conflict and give rise to ambiguity and confusion. If this be true, the defendants are in no position to complain because the penalty for violation of section 114, ▪ under which they were prosecuted, is definitely provided in section 155 and there is no ambiguity or confusion therein. The sentence imposed was within the limits provided in section 155. The judgment of the district court of Salt Lake county is affirmed.

EPHRAIM HANSON, MOFFAT, and LARSON, JJ., concur.

WOLFE, J., being disqualified, did not participate herein.