Frank Del Vecohio, J.
This is an article 78 proceeding to set aside an order issued by respondent temporarily suspending petitioner’s operator’s license.
It appears without dispute that on May 25, 1958 at about 5:45 a.m. petitioner was duly arrested and charged with operating a motor vehicle while intoxicated in violation of subdivision 5 of section 70, of the Vehicle and Traffic Law; that the arrest *179 ing officer, having reasonable grounds to believe petitioner was driving while intoxicated, requested him to submit to a chemical test to determine the alcoholic content of his blood, but petitioner refused to submit to such test; that on June 23, 1958, upon the affidavit of the officer stating these facts, the respondent issued the questioned order temporarily suspending petitioner’s license pending a hearing to revoke it.
Petitioner attacks the constitutionality of that portion of section 71-a of the Vehicle and Traffic Law which gives the Commissioner of Motor Vehicles authority temporarily to suspend one’s license without notice pending a hearing to revoke it. For this position he relies solely upon the opinion of Justice Eager in Matter of Schutt v. Macduff (205 Misc. 43) — the same case relied upon by respondent — which held that section 71-a as it read before the amendment of March, 1954, permitting the commissioner to revoke one’s license for refusal to submit to a chemical test to determine the alcoholic content of the blood was unconstitutional because it permitted revocation of a license without providing for a lawful arrest and because it failed to afford the licensee an opportunity to be heard.
It should be noted however that the opinion also stated at page 51: “ If it were written to provide for the demanding of the submission to a test only after a driver had been duly arrested and to provide for action by the commissioner on the sworn report of the officer making the demand, with a further provision whereby the driver could have a hearing, if demanded, with temporary suspension of license in the meantime, and with revocation to follow in the absence of the due demand for a hearing or upon due proof on a hearing, this court would, without hesitation, approve the statute.”
The Legislature by the amendment has cured these defects in the statute, and in the opinion of this court it does not now violate any of the constitutional guarantees and the court joins with Justice Eager in approving it.
Although the possession of a license to drive is a vested property right (Matter of Moore v. Macduff, 309 N. Y. 35) and may not be taken away except by due process (Matter of Wignall v. Fletcher, 303 N. Y. 435), the Legislature in exercising its power reasonably to regulate the use of highways may impose reasonable conditions before a license is issued and for the continued possession of the same. In Reitz v. Mealey, (314 U. S. 33), the Supreme Court said at page 36: “ The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of *180 automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. ’ ’
In Matter of Ohlson v. Mealey (179 Misc. 13), Judge Froessel, now of the Court of Appeals, said at page 16: “ It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose. (People v. Rosenheimer, 209 N. Y. 115, 121.) The reasonableness and necessity of regulation of the character provided for in the statute under consideration has long been recognized.”
The Legislature has expressly provided that any person who operates a motor vehicle shall be deemed to have given his consent to a chemical test for the purpose of determining the alcoholic content of his blood, but if after being arrested he refuses to submit to such chemical test it shall not be given and the Commissioner of Motor Vehicles, upon the basis of a sworn report of the police officer that he had reasonable grounds to believe such person to have been driving while intoxicated, that he requested the driver to submit to such test, and that the latter refused to do so, may temporarily suspend the operator’s license without notice pending the determination upon a hearing to revoke it.
By this provision of the section the licensee is expressly given the option of refusal. If he submits to the chemical test there is no temporary suspension pending a hearing to revoke. Such submission, under the circumstances prescribed in the statute, seems to be a reasonable condition to be complied with to entitle one to a license to drive upon the highways.
Accordingly, the petition should be dismissed.
Prepare order.