457 P.2d 969

STATE of Utah, Plaintiff and Respondent,

v.

LaVell ROBINSON, Defendant and Appellant.

No. 11191.

Supreme Court of Utah.

Aug. 6, 1969.

Galen Ross, of Mitsunaga & Ross, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The appellant was convicted of a misdemeanor in a justice of the peace court. He appealed to the district court where on a trial de novo, he was again convicted. He now attempts to appeal to this court and claims error below in that the court improperly received evidence at the trial. He makes no contention that the statute under which he was charged is invalid.

Article VIII, Section 9, of the Utah Constitution provides:

> * * * Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute.

This court on a number of occasions has held that in cases such as this the decision of the district court is final and that a further appeal would not lie except where the validity or constitutionality of a statute is involved. The first time the question of lack of right to appeal was raised in this court was in the case of Salt Lake City v. Lee, 49 Utah 197, 161 P. 926. The most recent case holding to the same effect is Salt Lake City v. Peters, 22 Utah 2d 127, 449 P.2d 652. See also State v. Lyte, 75 Utah 283, 284 P. 1006.

While the State has not moved to dismiss this appeal, we nevertheless are without power to entertain it and so we dismiss the appeal on our own motion. This court heretofore on its own motion dismissed an appeal in the case of Logan City v. Blotter, 75 Utah 272, 284 P. 333.

The appeal is therefore dismissed.

CALLISTER, Jr. and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.

CROCKETT, Chief Justice (dissenting).

I dissent from the dismissal of the appeal. I believe that the appellant has, as his counsel contends, and as the Attorney General apparently assumed, raised the issue as to the constitutionality of Sec. 41–6–44.10(a), U.C.A.1953 (Supp.1967), quoted below as it applies to him; and thus necessarily as it applies to anyone under similar circumstances. I therefore believe that it is properly incumbent upon us to meet that issue, and for my part, desire to do so.

The appellant was arrested for drunk driving (Sec. 41–6–44, U.C.A.1953) following an automobile collision in which he was involved at 39th South and State Street in Salt Lake City at about 10:15 p. m. on February 11, 1967. The arresting officer told the appellant, inter alia, that he had the right to choose one of three tests, of his blood, urine or breath, which are designed to determine the degree of intoxication;[1]

and that he could refuse to take the test, but that if he did he would be subject to losing his driver's license for a period of one year. The appellant then consented to take the so-called breathalizer test. It was administered to the appellant by an officer, Don C. Jensen, at the Redwood Road Police Station approximately 45 minutes after the accident occurred.

In attacking the use of the breathalizer evidence against him the appellant makes three contentions: (1) that it violated his constitutional rights against self-incrimination, under the Utah State (Art. I, Sec. 12) and the United States Constitutions (Fifth Amendment); and that in any event, (2) no proper foundation was laid; and (3) that the prosecution failed to relate the results of the test back to the time when the appellant was driving his automobile.

It must be conceded that the appellant does not in express words make a direct challenge to the "validity or constitutionality of a statute."[2] But he urges that this is the real effect of the first point he raises, based on this rationale: that the procedure by which he was forced to give

---

1. Sec. 41–6–44.10(a), U.C.A.1953 (Supp. 1967). "Any person operating a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood or urine for the purpose of determining the alcoholic content of his blood, provided that such test is administered at the direction of a peace officer having reasonable grounds to be-

lieve such person to have been driving in an intoxicated condition * * *."

2. See Salt Lake City v. Peters, cited in the main opinion; see also Salt Lake City v. Granieri, 16 Utah 2d 245, 398 P.2d 888, and Salt Lake City v. Perkins, 122 Utah 43, 245 P.2d 1176.

his breath was in accordance with the statute; that this was in violation of rights assured him under the state and federal constitutions; and that such procedure pursuant to the statute was therefore unconstitutional as applied to him. This argument impresses me as being sound and persuasive. Moreover, when the interests of justice so require we should look at substance rather than form to get at the merits of a question such as here presented, rather than to avoid it upon technicalities of procedure.

The provision of the Utah Constitution dealing with self-incrimination is Art. I, Sec. 12: "The accused shall not be compelled to give *evidence* against himself * * *." This differs from the wording of the Fifth Amendment of the United States Constitution which states: "* * * nor shall be compelled in any criminal case to be a *witness* against himself * * *."

Many of the state constitutions follow this federal pattern and similarly provide that one shall not be a "witness" against himself. However, some states besides our own use what would seem to be the broader term: that one shall not give "evidence" against himself. The Vernon's Ann.St. Texas Constitution, Sec. 10, Art. I, provides "* * * shall not be compelled to give evidence against himself * * *."; and the Oklahoma Constitution, Sec. 21,

Art. II: "No person shall be compelled to give evidence which will tend to incriminate him." Both of these states have held that the protection thus afforded extends not only to statements but to real or physical evidence taken from the person of an accused and that if it is obtained by coercion it cannot be used against the accused.[3] In the instant case we are not concerned with possible ramifications of the protection against self-incrimination as applied to real evidence taken from the person of the accused except for the problem here presented: the taking of the appellant's breath.

It is important to have in mind that the attack appellant makes upon his conviction does not involve any alleged misconduct of the arresting officer. It is that the officer's following of the provisions of the statute was an invasion of appellant's constitutional rights. The statute provides:

* * * If such person has been placed under arrest and has thereafter been requested to submit to any one of the above chemical tests and refuses * * *, the test shall not be given and the arresting officer shall advise the person of his rights under this section. * * * [provision for notice and hearing] * * *. If at said hearing the department determines that the person

3. Apodaca v. State, 140 Tex.Cr.R. 593, 146 S.W.2d 381, and Spencer v. State, Okla.Cr., 404 P.2d 46.

was granted the right to submit to a chemical test and without reasonable cause refused * * *, the department shall revoke, for one year, his license or permit to drive. * * * [provision for appeal to the district court] * * *.

The critical question is therefore whether thus following the statute contravenes the above quoted provisions of the Utah and Federal Constitutions against being compelled to give self-incriminating evidence.

It cannot be questioned that the statute has the effect of giving a person a choice of giving evidence from his person or risking the loss of something which might be very important to him: the right to drive a motor vehicle upon the public highways. Therefore, it would seem that if the right to drive is one of the basic rights with which everyone is endowed as a natural incident of citizenship, he should not be required to give it up as an alternative to forfeiting his constitutional privilege against self-incrimination. The courts have not been unanimous upon this issue. But I believe that the better-considered view is that the operation of a motor vehicle upon a public highway is fraught with such dangers to life, limb and property and is thus so affected with the public interest, that it is properly regarded as a privilege concerning which the legislature may prescribe reasonable regulations and impose reasonable conditions for the purpose of conserving the health and safety of the public. This view is well expressed in the case of Prucha v. Department of Motor Vehicles [4] by the Supreme Court of Nebraska. Therein the court held that their so-called "implied consent law" did not violate the self-incrimination clause of their constitution, both of which are similar to our own. It stated:

[T]he Legislature may prescribe sanctions and conditions on which that privilege is exercised, and may even deny that privilege, once acquired, in order to prevent unsafe driving on the highways. [Citation.]

With this proposition I agree.[5] The United States Supreme Court has affirmed the same position in the case of Reitz v. Mealey, 314 U.S. 33, 36, 62 S.Ct. 24, 26, 86 L.Ed. 21:

The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their

4. 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R. 2d 1055.

5. For additional cases that driving is a privilege and that such regulations may be imposed in the exercise of the police power in the interests of safety on the highways, see Kesler v. Dept. of Public Safety of Utah, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641; and Sheehan v. Division of Motor Vehicles, 140 Cal.App. 200, 35 P.2d 359, 361; see also Ballou v. Kelly, 12 Misc.2d 178, 176 N.Y.S.2d 1005.

drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

Reverting attention to the language of the statute in question, it will be noted that it contains what appears to be a clear declaration of policy in accord with the holdings of the cases just referred to with approval. The said Sec. 41–6–44.10(a), U.C.A.1953 (1967 Supp.) provides:

> Any person operating a motor vehicle in this state *shall be deemed to have given his consent* to a chemical test of his breath, blood or urine for the purpose of determining the alcoholic content of his blood, provided that such test is administered at the direction of a peace officer having reasonable grounds to believe such person to have been driving in an intoxicated condition. * * *

In view of this declaration of policy and what has been said above it is my opinion that the driving of motor vehicles upon public highways is so related to the public safety that it is properly regarded as a privilege upon which it is within the power of the legislature to impose reasonable regulations and conditions; and that accordingly, the application of the statute to the defendant in this case was not a violation of his constitutional rights.

Due to the importance of the issue presented, I have felt impelled to set forth my views both on the question involved and the propriety of deciding it. However, in view of the disposition of this case by the majority of my colleagues, I think it inadvisable to treat appellant's points 2 and 3 except by these brief observations: When a case is before this court on a proper constitutional ground, the court should review whatever other assignments of error it thinks the interests of justice require.[6] In that connection I have found no error prejudicial to the defendant which would warrant reversing the conviction. (All emphasis mine.)

6. The powers of this court in such circumstances are not unlike that labeled as "pendent" jurisdiction in the Federal Courts. See Taussig v. Wellington Fund Inc., 3 Cir., 313 F.2d 472. As to inherent powers of the court to disregard strict procedural requirements and review serious errors see statement in Bryant v. Turner, 19 Utah 2d 284, 431 P.2d 121.