**VERNAL CITY, Plaintiff and Respondent,**

v.

**Jerry Dean CRITTON, Defendant and Appellant.**

**No. 14683.**

Supreme Court of Utah.

May 25, 1977.

Robert M. McRae, Salt Lake City, for defendant-appellant.

Ken Anderton, Vernal City Atty., Vernal, for plaintiff-respondent.

**PER CURIAM:**

Defendant appeals a District Court trial de novo conviction of driving under the influence, having been previously convicted of the offense in Justice Court. He asserts Section 41–6–44.2, U.C.A.1953,[1] was *unconstitutionally applied* and that the admission in evidence of the result of a breathalyzer test without sufficient foundation was a *denial of due process.*

The Utah Constitution and case law are dispositive of this appeal. The pertinent constitutional provision is Article VIII, Section 9, which reads as follows:

> Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Court on such appeals shall be final, *except in cases involving the validity or constitutionality of a statute.* [Emphasis added.]

*State v. Robinson,*[2] and the numerous cases cited therein, interpret the foregoing constitutional provision and hold that where one does not contend in the court below that the statute under which he was charged was invalid, the decision of the District Court is final and not reviewable on appeal.

Defendant's claim of unconstitutional application of the statute and lack of due process are clearly not challenges to the validity or constitutionality of the statute itself and hence there is no appropriate issue here for review.

Appeal dismissed.

---

1. Provides as unlawful the driving of a motor vehicle by one having a blood alcohol content of .10% or greater.

2. 23 Utah 2d 78, 457 P.2d 969 (1969).