Mel CHRISTENSEN and State
Insurance Fund, Plaintiffs,

v.

INDUSTRIAL COMMISSION of Utah
and Scott Morrison, Defendants.

No. 17426.

Supreme Court of Utah.

March 3, 1982.

M. David Eckersley, Salt Lake City, for plaintiffs.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

Robert C. Fillerup, Orem, for Scott Morrison.

OAKS, Justice:

This is a petition for review of an order of the Industrial Commission awarding an employee medical expenses attributed to an injury incurred four years earlier. The question is whether the employee's claim is barred on the basis that the statute of limitations in the workmen's compensation act applies to medical benefits as well as disability compensation. We find the limitation inapplicable and affirm the award.

On April 9, 1976, Scott Morrison strained his back while shoveling cement as an employee of Mel Christensen. As a result of this injury, Morrison was off work from April 12, 1976, to May 9, 1976. After an examination on October 29, 1976, Morrison's doctor released him from care with no permanent or partial disability. The State Insurance Fund, workmen's compensation insurer for Mel Christensen, paid Morrison temporary total disability compensation for the period from April 12 to May 9, 1976. It also paid all medical expenses he incurred through January 20, 1977. Morrison received no further medical treatment for his injuries until November, 1979. On December 5, 1979, he underwent surgery for a herniated disc.

The State Insurance Fund denied Morrison's claims for medical expenses and weekly compensation on the basis that their filing date, March 21, 1980, was more than three years after his last payment of compensation for lost wages. The Commission sustained that denial as to the weekly compensation, and no review was sought. However, the Commission awarded payment of the medical expenses arising out of

the original accident, including the surgery performed in December of 1979, and plaintiffs, the employer and the State Insurance Fund, seek review in this Court.

Plaintiffs contend that Morrison's claim is barred by the three-year statute of limitations; defendants respond that this limitation does not apply to claims for medical expenses. U.C.A., 1953, § 35–1–99 provides in pertinent part:

If no claim for compensation is filed with the industrial commission within three years from the date of the accident or the date of the last payment of compensation, the right to compensation shall be wholly barred.

■ The question presented by this case is whether the term "compensation" in the foregoing statute includes payments for medical expenses. If it does, Morrison's claim is barred by the three-year limitations period, since he admittedly did not file his latest claim for medical expenses within three years from the date on which he received his most recent payment from the State Insurance Fund. If "compensation" does not include payments for medical expenses, the limitations period is inapplicable and Morrison is entitled to all medical expenses incurred as a result of his industrial accident.

In support of their contention that the term "compensation" as used in section 35–1–99 includes payments for medical expenses, plaintiffs rely on section 35–1–44(6), which states, "The following terms as used in this title shall be construed as follows: * * * (6) 'Compensation' shall mean the payments and benefits provided for in this title." They also argue that a holding in their favor would be harmonious with related, though not controlling, decisions of this Court.[1]

Defendants rely on *Kennecott Copper Corp. v. Industrial Commission and Bilanzich*, Utah, 597 P.2d 875 (1979) (*Bilanzich*), in which this Court held that the payment of medical expenses was not "payment of compensation" under section 35–1–99 and therefore did not start the running of a new three-year statutory period to allow the payment of additional lost wages. In the course of reasoning that this construction was necessary to prevent subverting the three-year limitation on payment of wages, this Court, in a unanimous opinion, explained:

The reasons for making this distinction between compensation to be paid for loss of wages because of injury and disability, as contrasted to the payment for medical expenses in connection therewith, is that the law is firmly established that, once it is determined that there was an industrial accident, *there is no limitation as to the time during which the medicals must continue to be furnished.* [Emphasis added.]

597 P.2d at 877. In support of this conclusion, the opinion cited U.C.A., 1953, §§ 35–1–45 and 35–1–81, both of which use the term "compensation" to mean something less than all "payments and benefits provided for in this title."

■ We have frequently observed that this Court's primary responsibility in construing legislation is to give effect to the intent of the Legislature. *Millett v. Clark Clinic Corp.*, Utah, 609 P.2d 934 (1980); *Johnson v. State Tax Commission*, 17 Utah 2d 337, 411 P.2d 831 (1966). A well-established canon of statutory construction provides that where a legislature amends a portion of a statute but leaves other portions unamended, or re-enacts them without change, the legislature is presumed to have been satisfied with prior judicial constructions of the unchanged portions of the statute and to have adopted them as consistent with its own intent. *State v. Roberts*, 56 Utah 136, 190 P. 351 (1920); *Quaremba v. Allan*, 67 N.J. 1, 334 A.2d 321 (1975); *Ladd v. Board of Trustees*, 23 Cal.App.3d 984, 100 Cal.Rptr. 571 (1972); *People v. Mills*, 40

---

1. *Kennecott Copper Corp. v. Anderson*, 30 Utah 2d 102, 514 P.2d 217 (1973); *Peterson v. Industrial Commission*, 29 Utah 2d 446, 511 P.2d 721 (1973); *Fredrickson v. Industrial Commission*, 19 Utah 2d 233, 429 P.2d 981 (1967); *Henrie v. Rocky Mountain Packing Corp.*, 113 Utah 415, 196 P.2d 487 (1948).

Ill.2d 4, 237 N.E.2d 697 (1968). Two years after our *Bilanzich* decision, the Legislature amended section 35–1–99 without altering the sentence this Court construed in *Bilanzich.* Ch. 287, 1981 Utah Laws 1361. Consequently, we conclude that *Bilanzich* correctly interpreted the intent of the Legislature in holding that "compensation," as used in the final sentence of section 35–1–99, does not include payments for medical expenses.[2] We reaffirm that decision.

Morrison's claim for medical benefits not being timebarred, the decision of the Industrial Commission is affirmed.

HALL, C. J., and STEWART, HOWE and DURHAM, JJ., concur.

---

**2.** The term "compensation" is apparently more inclusive in other contexts. E.g., *Henrie v. Rocky Mountain Packing Corp.*, supra, note 1 ("compensation for injuries resulting in death").