STATE of Utah, Plaintiff and Respondent,

v.

**Edward D. CHRISTENSEN, Defendant and Appellant.**

**No. 20260.**

Supreme Court of Utah.

June 21, 1985.

Rehearing Denied Aug. 5, 1985.

Edward D. Christensen, Richfield, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted of speeding under U.C.A., 1953, § 41–6–46(2)(c) after trial by jury in the justice court. He appealed his conviction to the district court, was tried de novo, and again convicted. In his pro se appeal to this Court, defendant claims that public employees have exceeded, misused, and withheld the police power of Utah which has caused injury to him, and that said abuse of power is not due process of law.

Article VIII, section 9 of the Utah Constitution provides in pertinent part:

Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Courts on such appeals shall be final, *except in cases involving the validity or constitutionality of a statute.* (Emphasis added.)

Defendant filed a notice and demand for dismissal in the district court, asking the court to dismiss the charges "as the alleged crime is not applicable to the Accused *as in this case* the statute exceeds the police power of the state." (Emphasis added.) Defendant does not attack the validity of the statute under which he was convicted. Although he raises a plethora of constitutional issues, none attacks the constitutionality of the statute. Decisions of the district court on appeals from justice courts dealing with constitutional issues are final and not subject to review by this Court. *State v. Taylor*, Utah, 664 P.2d 439 (1983). Our review in those cases is restricted to issues dealing with the validity or constitutionality of a statute. *State v. Munger*, Utah, 642 P.2d 721 (1982). Defendant's claim of unconstitutional application of the statute and lack of due process does not challenge the validity or constitutionality of the statute itself, so that there is no appropriate issue for us to review. *Vernal City v. Critton*, Utah, 565 P.2d 408 (1977).

The appeal is dismissed.